Before STATE INDUSTRIAL BOARD, Respondent.
STEVE BLOCH, Respondent, v. CONTACT PROCESS COMPANY and Another, Appellants.

Third Department, January 7, 1925.

Workmen's compensation — evidence — award based on injury to claimant's chest and consequent injury to lungs — award not justified by evidence.

An award to the claimant which was based on an alleged injury to his chest resulting in injury to the pleura of his lungs which impaired his lungs so that an effort to work caused hemorrhages and produced dizziness, should be reversed, since there is no legal evidence to show that he suffered any injury to his chest which could cause the result on which the award is based, outside the statement contained in an agreement for compensation that the claimant had suffered an injury to the right side of his body.

APPEAL by the defendants, Contact Process Company and another, from an award of the State Industrial Board, made on the 11th day of March, 1924.

*F. A. W. Ireland* [*William S. Pendleton* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

COCHRANE, P. J.:

The accident occurred August 26, 1918. Compensation was awarded and paid to February 1, 1921, when the case was closed by the State Industrial Commission. On July 25, 1922, an application to reopen the case was denied. On January 21, 1924, another application to reopen the case was granted and thereafter the award in question was made. The Board makes the following findings as to the nature of the injuries: " His head and right side of body were seriously injured and he received a crushing injury to his chest and his lower jaw was splintered and his upper jaw fractured, and, as a result of the injury that he received to his chest, the pleura of his lungs was thickened and the functions of his lungs were impaired so that effort to work caused hemorrhages and consequent congestion of the lungs which affected the pulsation of his heart so that dizziness ensued as a result of physical effort, or while stooping or bending, and as a result of said injury and its consequences, he was disabled from August 26, 1918, to March 11, 1924, at which latter date he was still disabled." In November, 1918, the parties entered into an agreement for compensation

41

which was approved by the State Industrial Commission and which described the injuries as follows: " Head and right side of body injured; lower jaw splintered, upper jaw fractured." Aside from this statement there is no evidence in this record that the above-recited injuries found by the Board resulted from the accident in question. There are no less than eleven unverified physicians' reports in this record, none of which is of any use on this appeal. The claimant himself gave no testimony except as to his inability to work. Two physicians testified as to the present condition of the claimant and their testimony thus given supports the finding of the Board as to the present condition of the claimant but their knowledge of the claimant as appears from their testimony does not relate to a time within at least two years after his accident. Dr. Johnson testifies that the claimant had received a crushing blow on the chest with resulting pleurisy and that the accident would cause such a condition as now exists, but his knowledge of the accident and its nature was assumed by him and necessarily rests on hearsay statements. There is no legal evidence in this record that the claimant received in the accident in question any injury to his chest with the direful results described in the findings.

The award should, therefore, be reversed and the claim remitted, with costs against the State Industrial Board to abide the event.

All concur.

Award reversed and matter remitted, with costs against the State Industrial Board to abide the event.